**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38655**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 757** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 6, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **HENRY SANCHEZ, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. John K. Butler, District Judge.

Judgment of conviction and unified sentence of seven years, with two years determinate, for possession of a controlled substance, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

―――――――――――――――――――――――――――――

WALTERS, Judge Pro Tem

Henry Sanchez, Jr. appeals from his judgment of conviction and sentence entered upon his conditional guilty plea to felony possession of a controlled substance (methamphetamine). For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

The district court summarized the relevant facts in its order denying Sanchez's motion to suppress:

> Officer Rushing testified that he was on patrol at 9:22 p.m. and saw what he thought was two juveniles "messing with" a car.  The officer approached and realized it was the [fifty-nine-year-old] defendant and not a juvenile.  As he approached the two men and the car, the two men fled the scene on bicycle, but one person in the car remained.  The man in the car, Mr. Dick, told Officer Rushing that the two men were harassing him.  Another officer stopped one of the two men on the bicycles (the defendant) and the defendant rode his bicycle back to Officer Rushing.  Officer Rushing became suspicious because the defendant

1

told him he was just telling Mr. Dick that the lights on his car were not working, which did not match . . . Mr. Dick's story. The lights appeared to be working properly. Based on the circumstances, including the two men fleeing immediately when the police arrived, Officer Rushing told the defendant he believed there was drug related activity going on. The defendant said he did not have any drugs on him, but he had a pocket knife.

Officer Baker, who was also at the scene, contacted the defendant's probation officer, Marisol Vargas. Officer Vargas requested the defendant be tested for alcohol. Officer Rushing informed the defendant he was going to place him in handcuffs and transport him to jail for an intox. After he was placed in handcuffs, he was searched. . . . When the defendant was searched, Officer Rushing found marijuana in his jacket pocket. The defendant said it was not his marijuana. Officer Rushing also found methamphetamine on the defendant.

(Citations omitted).

Sanchez was charged with possession of a controlled substance with the intent to deliver (methamphetamine) and possession of a controlled substance with the intent to deliver (marijuana). He filed a motion to suppress, claiming his initial detention and the subsequent search were illegal. Following a hearing, the district court denied the motion. Sanchez pled guilty to a reduced charge of possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1), preserving his right to appeal the denial of his suppression motion. The remaining charge was dismissed. The district court imposed a unified sentence of seven years, with two years determinate. Sanchez filed a pro se Idaho Criminal Rule 35 motion for reduction of sentence and an accompanying motion for appointment of counsel. The district court declined to appoint new counsel, indicating representation by Sanchez's trial counsel had not been terminated and allowing additional time for counsel to file information regarding the Rule 35 motion. No further orders regarding the Rule 35 motion were issued. Sanchez now appeals the denial of his motion to suppress and sentence.

## II.

## ANALYSIS

### A.    Motion to Suppress

Sanchez contends the district court erred in denying his motion to suppress the evidence found during the search of his jacket, based on his contention there was no reasonable, articulable suspicion for officers to effect the stop.[1] The standard of review of a suppression

---

[1]    Sanchez does not challenge the validity of the subsequent search on appeal.

motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Limited investigatory detentions are permissible when justified by an officer's reasonable, articulable suspicion that a person has committed, or is about to commit, a crime. *Florida v. Royer*, 460 U.S. 491, 498 (1983); *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210; *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Still, reasonable suspicion requires more than a mere hunch or inchoate and unparticularized suspicion. *White*, 496 U.S. at 329; *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210; *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

In this case, officers saw Sanchez and another individual near a vehicle in a shadowed part of a parking lot after dark. Officer Rushing testified that as he drove by, the men ducked down behind the car. Both officers who observed the men testified they believed the men were acting suspiciously around the vehicle; Officer Rushing testified he believed the two men were "messing with" the vehicle, and Sergeant Baker thought they might be burglarizing or otherwise "doing something" to the car. When police approached the scene, the two men fled on bicycles. Officer Rushing approached the vehicle and found it was occupied by one man who stated the men had been "harassing" him. Based on this evidence, the district court denied Sanchez's motion to suppress, finding the officers had reasonable suspicion to stop Sanchez after they

3

observed him behaving suspiciously near a vehicle and he fled from the officers when approached.

On appeal, Sanchez contends the district court erred in this finding because the totality of the circumstances did not amount to reasonable, articulable suspicion that he was engaged, or was about to be engaged, in criminal behavior. He argues he was "simply in a parking lot near a vehicle" and the officers' testimony that they suspected he was engaging in criminal activity is "conclusory at best." He also contends evidence of his flight from the scene should not be taken into account because there were "no facts regarding any criminal activity on which to base a suspicion."

We conclude that, collectively, the information available to the officers was sufficient to justify a brief detention to investigate whether Sanchez was involved in criminal behavior. The assessment of reasonable suspicion must be based on common sense judgments and inferences about human behavior. *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000). Nervous, evasive behavior is a pertinent factor that may contribute to reasonable suspicion. *Id*. at 124; *State v. Nevarez*, 147 Idaho 470, 475, 210 P.3d 578, 583 (Ct. App. 2009). Common sense dictates that Sanchez's act of ducking behind the vehicle when he saw law enforcement and subsequent flight from the scene when approached by the officers amounted to relevant evasive behavior. As Sanchez points out, when an officer without reasonable suspicion or probable cause approaches an individual, the individual has a right to ignore the police and go about his business, and that refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure. However, Sanchez's behavior did not convey he was merely going about his business:

> [U]nprovoked flight is simply not a mere refusal to cooperate. Flight, by its very nature, is not "going about one's business;' in fact, it is just the opposite. Allowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning.

*Wardlow*, 528 U.S. at 125 (finding reasonable articulable suspicion for a stop where, in a high crime area, Wardlow fled upon seeing police officers). *Cf. State v. Zuniga*, 143 Idaho 431, 435, 146 P.3d 697, 701 (Ct. App. 2006) (evidence of defendant's flight was not relevant to question of whether the initial stop was lawful because the flight occurred *after* the detention and, therefore, could not justify the stop). In addition to this evasive behavior, there was evidence Sanchez and

4

the other man were crouching by a vehicle in a dark parking lot at night, and the occupant in the vehicle told Officer Rushing the men had been harassing him. Taken as a whole, the officers possessed the requisite reasonable, articulable suspicion to effect the stop. The district court did not err in denying Sanchez's motion to suppress.

**B.      Sentence Review**

Sanchez contends that given any view of the facts, his unified sentence of seven years imprisonment, with two years determinate, is excessively harsh. Specifically, he asserts the district court abused its discretion in imposing sentence because it failed to adequately consider applicable mitigating factors.

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Sanchez contends the district court did not properly take into account the fact he is a fifty-nine-year-old father and grandfather and that by the time of sentencing, he had indicated remorse by his willingness to get treatment through the Boise Rescue Mission. In sentencing Sanchez, the district court specifically considered the objectives of sentencing. The court then noted this was Sanchez's fourth felony drug offense and he had received substance abuse treatment after the last three convictions, but continued to be a high risk to reoffend given his ongoing substance abuse issues. The court also found Sanchez had not yet taken responsibility

5

for his crime, which impeded his ability to be rehabilitated. Indeed, contrary to Sanchez's argument on appeal that he had shown remorse, he continued to claim his innocence in the presentence investigation report, contending another person had set him up by placing the drugs in his coat. Ultimately, the district court imposed a lesser sentence than recommended by the State.[2] Given these circumstances, we conclude Sanchez has failed to show the sentence imposed was excessively harsh.

## C.     Rule 35 Motion

Finally, Sanchez contends the district court erred in denying his Rule 35 motion for reduction of his sentence. It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for an assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 161 (Ct. App. 2008). Here, although Sanchez asserts the district court denied his motion without a hearing, his citation to the record directs us to the district court's order regarding his motion for appointment of counsel in regard to his Rule 35 motion. Although the order indicates that "[a]t the present time it does appear to the court that the information provided in the defendant's motion is insufficient to grant the defendant's motion," it does not actually dispose of the motion; instead, it allowed thirty days for Sanchez's attorney of record to provide new or additional information for the court's consideration of the motion. The record contains no indication Sanchez obtained an adverse ruling that we may review.

### III.

### CONCLUSION

There was reasonable, articulable evidence to support the officers' stop of Sanchez, and therefore, the district court did not err in denying Sanchez's motion to suppress. Nor did the district court abuse its discretion in imposing sentence. Sanchez's judgment of conviction and sentence for possession of a controlled substance (methamphetamine) are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[2]     The State recommended a unified sentence of seven years, with four years determinate.